**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: 117857

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jesse Garcia, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Forster & Garbus, LLP and LVNV Funding, LLC,<br><br>Defendants. | Case No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |



Jesse Garcia, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Forster & Garbus, LLP and LVNV Funding, LLC (hereinafter referred to collectively as "*Defendants*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692*et seq.*, ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Plaintiff Jesse Garcia is an individual who is a citizen of the State of New York residing in Nassau County, New York.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Forster & Garbus, LLP, is a New York Limited Liability Partnership with a principal place of business in Suffolk County, New York.

9. On information and belief, Defendant LVNV Funding, LLC, is a Delaware Limited Liability Company with a principal place of business in New Castle County, Delaware.

10. On information and belief, Defendant Forster & Garbus, LLP regularly collects or attempts to collect debts asserted to be owed to others.

11. On information and belief, Defendant LVNV Funding, LLC regularly collects or attempts to collect debts asserted to be owed to others.

12. On information and belief, Defendant Forster & Garbus, LLP is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

13. On information and belief, Defendant LVNV Funding, LLC is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

14. On information and belief, the principal purpose of Defendant Forster & Garbus, LLP's business is the collection of such debts.

15. On information and belief, the principal purpose of Defendant LVNV Funding, LLC's business is the collection of such debts.

16. On information and belief, Defendant Forster & Garbus, LLP uses the mails in its debt collection business.

17. On information and belief, Defendant LVNV Funding, LLC uses the mails in its debt collection business.

18. Defendant Forster & Garbus, LLP is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

19. Defendant LVNV Funding, LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS SPECIFIC TO PLAINTIFF

20. Defendants allege Plaintiff owes a debt ("the alleged Debt").

21. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

22. The alleged Debt does not arise from any business enterprise of Plaintiff.

23. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. At an exact time known only to Defendants, the alleged Debt was assigned or otherwise transferred to Defendants for collection.

25. At the time the alleged Debt was assigned or otherwise transferred to Defendants for collection, the alleged Debt was in default.

26. In their efforts to collect the debt, Defendants contacted Plaintiff by letter ("the Letter") dated June 10, 2019. (**"Exhibit 1."**)

27. The Letter conveyed information regarding the alleged Debt.

28. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

29. The Letter was received and read by Plaintiff.

30. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendants. As set forth herein, Defendants deprived Plaintiff of this right.

31. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## FIRST COUNT
### Violations of 15 U.S.C. §§ 1692e and 1692e(10)

32. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

33. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

34. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

35. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon* 988 F.2d at 1318.

3

36. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon* 988 F.2d at 1319.

37. A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis* 269 F.3d at 161.

38. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the owner of a debt is unfair and deceptive to the least sophisticated consumer.

39. The owner of a debt must be clearly conveyed from the perspective of the least sophisticated consumer.

40. The owner of a debt must be accurately conveyed from the perspective of the least sophisticated consumer.

41. The owner of a debt must be conveyed without ambiguity from the perspective of the least sophisticated consumer.

42. The identity of the owner of a debt is a material piece of information to a consumer.

43. Knowing the identity of the owner of a debt affects how a consumer responds to a debt collector's attempts to collect the debt.

44. The Letter states "Creditor to Whom the Debt is Owed: Arrow Financial Services, LLC"

45. The Letter also states "Current Owner: LVNV Funding, LLC."

46. The Letter demands payment be made to Defendant.

47. The Letter fails to indicate whether the actual creditor is Arrow Financial Services, LLC or LVNV Funding, LLC.

48. Defendant failed to explicitly state the owner of the alleged Debt.

49. Defendant failed to clearly state the owner of the alleged Debt.

50. The least sophisticated consumer would likely be confused as to whether Arrow Financial Services, LLC or LVNV Funding, LLC is the owner of the alleged Debt.

51. The least sophisticated consumer would likely be uncertain as to whether Arrow Financial Services, LLC or LVNV Funding, LLC is the owner of the alleged Debt.

52. Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings concerning the owner of the alleged Debt, one of which is inaccurate as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

53. Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer concerning the owner of the alleged Debt as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

54. The least sophisticated consumer would likely be deceived by the Letter.

55. The least sophisticated consumer would likely be deceived in a material way by the Letter.

56. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e and 1692e(10) and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

57. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

58. Plaintiff seeks to certify a class of:

> i. All consumers to whom Defendant sent a collection letter which lists two different entities as the "Current Owner" and "Creditor to Whom the Debt is Owed," which letter was sent on or after a date one year prior to the filing of this action to the present.

59. This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

60. The Class consists of more than thirty-five persons.

61. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

62. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

5

Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

63. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

64. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment be entered:

    a. Certify this action as a class action; and

    b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

    c. Find that Defendants' actions violate the FDCPA; and

    d. Grant damages against Defendants pursuant to 15 U.S.C. § 1692k; and

    e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Grant Plaintiff's costs; together with

    g. Such other relief that the Court determines is just and proper.

DATED: February 10, 2020

                               **BARSHAY SANDERS, PLLC**

                               By:   */s/ Craig B. Sanders*
                               Craig B. Sanders, Esq.
                               100 Garden City Plaza, Suite 500
                               Garden City, New York 11530
                               Tel: (516) 203-7600
                               Fax: (516) 706-5055

        csanders@barshaysanders.com
        *Attorneys for Plaintiff*
        Our File No.: 117857